```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RICHARD EDWARDS,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       15-CV-4791(JS)(ARL)

ARMOR CORRECTIONAL HEALTH SERVICE,
NASSAU COUNTY SHERIFF'S
DEPARTMENT, and DR. CARL SANCHEZ,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Richard Edwards, pro se
                   15001317
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On August 10, 2015, incarcerated pro se plaintiff Richard Edwards ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Armor Correctional Health Service ("Armor"), the Nassau County Sheriff's Department ("NCSD") and Dr. Carl Sanchez ("Dr. Sanchez" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. §§ 1914(a);

1

1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the NCSD and WITHOUT PREJUDICE as against Armor and Dr. Sanchez. Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT as set forth herein pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following facts in their entirety:[2]

> I have a right prosthetic leg and the socks and liner is worn out and needs to be replaced because it's causing open sore wounds, pain, and making it difficult for me to walk. I dropped numerous sick call forms (first one dated back in March) to see medical complaining about the issue. On one of my medical visits a guy by the name of Dr. Carl Shancez[3] was going over my file and told me the order was in but most likely I will be denied new socks & liner. I told Mr. Shancez I need them, it's important for my prosthesis and he told me "good luck getting them." I grieved this issue on July 7th, 2015 and the grievance coordinator accepted my

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The excerpts from the Complaint are reproduced here exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected or noted.

[3] The Court notes that the caption of the Complaint names the individual Defendant as "Dr. Carl Sanchez" and, although Plaintiff spells this Defendant's surname "Shacez" in the body of the Complaint, for clarity the Court will use Dr. Sanchez to refer to this Defendant.

2

> grievance and told me the socks and liner were ordered and a consent to see orthopedic was made too. Here it is weeks; almost a month later and I still haven't been seen by orthopedic or received the sock & liner for my prosthesis. I wrote to the Health Service Administrator Ms. Healy complaining about this issue. Also, my 8th Amendment is being violated, cruel and unusual punishment. I'm not being provided the proper medical care I'm entitled to therefore my 14th Amendment (Due Process) is being violated also.

(Compl. ¶ IV.) Plaintiff claims that he is "starting to get open sore wounds on my stump area that causes me severe pain and makes it difficult for me to walk." (Compl. ¶ IV.A.) For relief, Plaintiff seeks to recover a monetary damages award in total sum of $5 million "for pain and suffering, mental stress, physical stress, depression, cruel and unusual punishment, [and] medical negligents [sic]." (Compl. ¶ V.)

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

3

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading

4

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claim Against the NCSD

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police

5

Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] of the . . . County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's claim against the NCSD is not plausible because the NCSD has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

However, given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court next considers whether he has alleged a plausible Section 1983 claim against the municipality, Nassau County. For the reasons that follow, the Court finds that he has not.

### B. Claim as Construed Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the

alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court

could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim as construed against Nassau County. Accordingly, Plaintiff's Section 1983 claim, as construed against Nassau County is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    C.    Claim Against Armor

Plaintiff names Armor as a Defendant but does not include any factual allegations against it. The Court's research reveals that Armor Correctional Health, Inc. is "a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." See Gaines v. Armor Health Care, Inc., No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. 2012) (citing Briel v. Sposato, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012) (additional citation omitted)).

It is well-established that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (citation omitted). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the employer was jointly engaged with

8

state officials or its conduct is chargeable to the state. Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408-09 (2d Cir. 1990); Dilworth v. Goldberg, 914 F. Supp. 2d 433, 452 (S.D.N.Y. 2012); Mejia v. City of New York, 119 F. Supp. 2d 232, 275 (E.D.N.Y. 2000) (collecting cases). Moreover, there is no respondeat superior liability for Section 1983 claims and, in the absence of any allegations of individual liability, dismissal is required. Minneci v. Pollard, --- U.S. ----, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012); Southerland v. City of N.Y., 681 F.3d 122, 137 (2d Cir. 2012).

Here, as is readily apparent, Plaintiff has not alleged any facts to support a plausible Section 1983 claim against Armor. Wholly absent are any allegations sufficient for the Court to construe that Plaintiff's constitutional rights were violated pursuant to some policy, practice, or custom of Armor as is required by Monell, 436 U.S. at 691-94, and its progeny. Accordingly, Plaintiff's claim against Armor is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D. Claim Against Dr. Sanchez

"To establish an Eighth Amendment[4] violation arising out

---

[4] Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee. The Due Process Clause of the Fourteenth

9

of inadequate medical treatment, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (alteration in original) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a sufficiently serious injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. (internal quotation marks and citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. The United States Supreme Court has stated that the subjective element "'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. (elipsis and alteration in

---

Amendment protects pretrial detainees from inadequate medical care while the Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment in the form of inadequate medical care. Burks v. Nassau Cnty. Sheriff's Dep't, 288 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2003). Such distinction is of no moment because the standard for analyzing each claim is the same. Id. at 302 (citation omitted); see also Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

original) (citing Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994)).

Here, as is readily apparent, Plaintiff has wholly failed to allege any "acts or omissions sufficiently harmful to evidence [the] deliberate indifference" standard. Estelle, 429 U.S. at 106. Accordingly, Plaintiff has not alleged a plausible inadequate medical care claim against Dr. Sanchez and it is thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 15-CV-4791(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint supercedes the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint.

11

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the NCSD for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE against the remaining Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**However, Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 15-CV-4791(JS)(ARL).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

Dated: December   14  , 2015         /s/ JOANNA SEYBERT
       Central Islip, New York       Joanna Seybert, U.S.D.J.